## HESSE NEWMAN ET AL.

*v.*

## MANUEL LEDESMA ET AL.

---

San Juan, Equity, No. 951.

MOTION TO DISSOLVE RESTRAINING ORDER.

Jurisdiction—Day in Court.
    1. A bill alleging facts showing that property has been taken without due process of law presents a Federal question.

NOTE.—As to due process of law as a Federal question, see note in 62 L.R.A. 530.

Newman v. Ledesma.

Mortgage Law—14th Amendment.

> 2. Where a bill alleges that property has been taken without due process of law by proceedings in a local court, the Federal court will require a full transcript of the proceedings before passing upon the question.

Opinion filed January 18, 1915.

———

*Messrs. Alvarez Nava & Dominguez* for complainants.

*Mr. C. Coll y Cuchi* for defendant G. Ledesma & Company.

*Messrs. Herminio Diez* and *H. G. Molina* for defendant Westphaling.

HAMILTON, Judge, delivered the following opinion:

This is an injunction case and raises questions as to the proceedings under the mortgage law. The court realizes the importance of the question and knows that the matter has to some extent been previously passed on. Alemán v. Escalona, 6 Porto Rico Fed. Rep. 509. Such decision was, however, before a recent case in the local supreme court and before some cases in the Supreme Court of the United States which throw light upon the matter, so that the court feels at liberty to examine the matter anew. Kortright v. Cruz De Godines, 1 Porto Rico Fed. Rep. 174; Giménez v. Brenes, 10 P. R. R. 124.

1. The court wishes its decision at present confined to the matter which is before it, and that is simply a motion to dissolve the injunction for lack of jurisdiction; and there being no other facts before it except what are shown in the bill itself,

Newman v. Ledesma.

the court will have to take the facts in the bill as true for the purposes of this motion and at present decide entirely upon them. These allegations say nothing about the procedure in the case, do not give the steps in the procedure, and, so far as the present decision is concerned, it is just the same as if this was a case for the collection of a promissory note. The present decision has no special reference to its being a procedure for foreclosure under the mortgage law at all. It refers simply to the procedure as set out in the bill, and that is a very simple matter. The bill says that in a summary ex parte proceeding, to which the defendant, of course, was not a party, his property has been taken by the marshal and is advertised for sale. Under that statement of the facts, the court cannot say it is without jurisdiction. On that statement the proceeding would be contrary to the 14th Amendment; it would be taking one's property without due process of law. So that the court will have to deny the motion to dismiss for want of jurisdiction, but it cannot too strongly state that this is not a decision upon the mortgage law or the mortgage law procedure at all. It is simply on a proceeding in which, under the allegations of the bill, a party has not had notice and has not appeared, and the court will simply go on and hear the case.

2. In the second place, this case, of course, will ultimately involve the mortgage law procedure. That is bound to be covered by the decision,—a decision whether the proceeding complained of is due process of law or procedure that is prohibited by the 14th Amendment. In order for that to be passed on,—and, as I say, it will have to be passed on,—the court would request and direct the defendant, in filing his answer, to make a part of it a certified transcript of all the proceedings that were had before the district court of Arecibo in the case

Newman v. Ledesma.

complained of. In this way, having the exact transcript before it, there can be no question as to exactly what happened, and the court can then pass upon the question intelligently. So, while the motion to dismiss for want of jurisdiction is denied, leave is given to renew it upon the filing of a full answer accompanied by a transcript, and then, either with a further argument or without, as the parties desire, the court would be glad to pass upon the question. When that is done, it looks as if it would be a question of the jurisdiction of the court, whichever way it is decided, and that it might be a proper case to be taken or certified, whichever may be the proper procedure, directly to the Supreme Court of the United States under § 238 of the Judicial Code, [36 Stat. at L. 1157, chap. 231, Comp. Stat. 1913, § 1215]. This would secure, an early decision without waiting on the delay of hearing the merits of the case and then waiting the long time it necessarily takes very often before a case is heard before the Supreme Court upon the merits.

So that in this case the court for the present overrules the motion to dismiss for want of jurisdiction.